UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANTHONY GUERRA, #288760,

    Petitioner,

Case No. 07-10190

Honorable Nancy G. Edmunds

v.

ANDREW JACKSON,

    Respondent.
                                           /

**ORDER (1) GRANTING PETITIONER'S MAY 25, 2010 MOTION TO REOPEN TIME TO FILE AN APPEAL [19]; AND (2) DENYING AS MOOT PETITIONER'S MAY 17, 2010 MOTION TO REOPEN CASE [17]**

This matter comes before the Court on two of Petitioner's motions: (1) his May 25, 2010 motion to reopen time to file an appeal [19]; and (2) his May 17, 2010 letter [17] requesting that his case be reopened. The Court has previously construed Petitioner's May 17, 2010 letter as a motion. (5/17/10 Order, Doc. No. 18.) Being fully advised in the premises, having read the pleadings, and for the reason set forth below, the Court GRANTS Petitioner's May 25, 2010 motion to reopen the time to file an appeal; and DENIES AS MOOT Petitioner's May 17, 2010 motion to reopen his case.

**I.    Facts**

On January 11, 2007, Petitioner filed his application for a writ of habeas corpus [1]. The Court subsequently entered an order referring all pretrial matters to Magistrate Judge Hluchaniuk [11]. On March 5, 2010, the Magistrate Judge issued a Report and Recommendation [12]; and on March 30, 2010, this Court issued an Order adopting the

Magistrate Judge's recommendation and denying Petitioner's application for a writ of habeas corpus [13]. Judgment was issued on March 30, 2010 [14], and the Court also entered an Order on that date denying Petitioner a Certificate of Appealability [15].

Petitioner filed his letter/motion to reopen on May 17, 2010, explaining that his retained counsel had not forwarded him a copy of the Magistrate Judge's March 5, 2010 Report and Recommendation, had not filed Objections to that Report and Recommendation on his behalf, and had not provided him with a copy of the Court's March 30, 2010 Order. He wrote that he only became aware of the Court's Order denying his application for a writ of habeas corpus on May 11, 2010 when the Court forwarded it to him upon his request. He was concerned that the 30-day time period for his appeal had expired and thus sought to have his case reopened. He also explained that he would have filed Objections to the Report and Recommendation if he had been aware of it.

On May 19, 2010, after receipt of Petitioner's letter/motion, the Court issued an Order notifying the parties that it was construing Petitioner's May 17, 2010 letter as a motion to reopen his case and requiring a response from Petitioner's counsel and Respondent [18]. Responses were subsequently filed.

On May 25, 2010, Petitioner filed a motion seeking to reopen the time for filing an appeal based on the above facts [19].

On May 25, 2010, Petitioner also filed a Notice of Appeal [20].

**II.    Analysis**

The Court first considers Petitioner's motion to reopen the time for appeal. Federal Rule of Appellate Procedure 4(a)(6) provides that a district court may "reopen the time to

file an appeal for a period of 14 days after the date when its order to reopen is entered" if the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule 77(d) of the entry of the judgment . . .;
>
> (B) the motion is filed within 180 days after the judgment . . . is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6)(A)-(C). All three conditions are satisfied. First, as explained in Petitioner's motions to reopen [17,19] and confirmed in his attorney's response [23], this Court finds that Petitioner did not receive the Court's Order adopting the Magistrate Judge's Report and Recommendation and denying Petitioner's habeas petition, or this Court's Judgment until after the 30-day period for filing a timely notice of appeal had expired. *See* Fed. R. App. P. 4(a)(1)(A) (requiring that a notice of appeal in a civil case be filed with the district court within 30 days after Judgment is entered).

Second, Petitioner's motion to reopen the time to file an appeal was filed within 14 days after he received notice under Federal Rule of Civil Procedure 77(d). Third, this Court finds that no party would be prejudiced if Petitioner is allowed more time to file an appeal. Accordingly, Petitioner's motion to reopen time to file an appeal is GRANTED.

The Court now addresses Petitioner's May 17, 2010 letter/motion to reopen his case [17]. Because this motion appears to seek the same relief as his motion to reopen the time to file an appeal [19], it is DENIED AS MOOT.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 11, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 11, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager